**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Great American Alliance Insurance Company,       )<br>      )<br>      )<br>    Plaintiff,   )<br>      )<br>    v.      )<br>      )<br>      )<br>Reginal Campbell; JyQuavious Young;  )<br>and DeAundre Jacquez Goldsmith,   )<br>      )<br>      )<br>    Defendants.   )<br>_____     ) | Civil Action No. 6:20-cv-4374-TMC<br><br>**ORDER** |

Plaintiff Great American Alliance Insurance Company ("GAIC") filed this action seeking a declaratory judgment that there is no coverage under a commercial general liability policy ("the Policy") that GAIC issued to WHR Social Club, Inc. d/b/a Lavish Lounge ("Lavish Lounge") for the injuries alleged in underlying state court lawsuits brought by Defendants JyQuavious Young ("Young") and DeAundre Jacquez Goldsmith ("Goldsmith") against Lavish Lounge, Carlos Antonio Quiroga ("Quiroga"), a board member and the manager of Lavish Lounge, and various other individuals and entities. (ECF Nos. 1; 35-2; 35-3).[1] In the underlying state court lawsuits,

---

[1] GAIC initially named Lavish Lounge and Quiroga as defendants in this action, (ECF No. 1), and the Report and Recommendation ("Report") correctly identified and referred to Lavish Lounge and Quiroga as defendants. (ECF No. 160). Following the issuance of the Report by the magistrate judge, however, the parties filed a notice of settlement (ECF No. 167) indicating that GAIC has resolved this action as to Lavish Lounge and Quiroga. Accordingly, the court dismissed the action as to Lavish Lounge and Quiroga. (ECF No. 168). The court notes that GAIC, Lavish Lounge and Quiroga also jointly filed a stipulation (ECF No. 166) indicating Lavish Lounge and Quiroga agree to be bound by the court's decision regarding the coverage question presented to the court in GAIC's summary judgment motion (ECF No. 133).

Young and Goldsmith seek to recover for injuries and damages allegedly suffered as a result of a shooting that took place during a at Lavish Lounge in Greenville, South Carolina in July 2020.[2]

Initially, Defendants Young and Goldsmith were represented by counsel in this declaratory judgment action. (ECF Nos. 12; 13). Counsel for Goldsmith and counsel for Young eventually filed motions to withdraw (ECF Nos. 76; 77) which the court granted (ECF No. 88).  The court stayed all proceedings in this action for thirty (30) days to allow Young and Goldsmith to obtain substitute legal representation. *Id*.  When no appearance by legal counsel was made on behalf of Young or Goldsmith within thirty days, the court presumed they intended to proceed *pro se* and, in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C., referred the case to a magistrate judge for pretrial handling.  (ECF No. 100).

Before the court is GAIC's motion for summary judgment.  (ECF No. 133).  Lavish Lounge and Quiroga, both of which were defendants at the time, filed responses in opposition to summary judgment (ECF Nos. 144; 145) to which GAIC replied (ECF No. 154).  Because Young and Goldsmith are proceeding *pro se*, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising them of GAIC's summary judgment motion and

---

Defendant Reginal Campbell ("Campbell"), a director, officer and member of Lavish Lounge, was not sued in state court by Young, Goldsmith or any other victim. In light of his apparent authority to act on behalf of Lavish Lounge, GAIC named Campbell as a defendant in this action, and he was served with process in May 2021; however, in light of his failure to file an answer or any responsive pleading to the amended complaint or otherwise appear or indicate the desire to participate in any way, the Clerk of Court entered default as to Campbell on December 3, 2021. (ECF No. 113).

[2] Tasha Kotz ("Kotz"), as Special Administrator of the Estate of Mykala Bell, and Tinaszia Tykel Taylor ("Taylor"), also filed actions in state court against Lavish Lounge relating to this shooting. (ECF Nos. 35-1; 35-4). GAIC initially named Kotz and Taylor as defendants in this action, (ECF No. 1), and the Report correctly identified and referred to Kotz and Taylor as defendants. (ECF No. 160).  Following the issuance of the Report by the magistrate judge, however, the parties filed a notice of settlement (ECF No. 165) indicating that GAIC has resolved this action as to both Kotz and Taylor.  Accordingly, the court dismissed the action as to Kotz and Taylor.  (ECF No. 168).

the possible consequences of failing to adequately respond thereto. (ECF No. 134). Copies of the

*Roseboro* order were mailed to Young and Goldsmith at their respective addresses provided to the

court, (ECF No. 135), and have not been returned to the court as undeliverable. Therefore, Young

and Goldsmith are presumed to have received the *Roseboro* order. Nevertheless, to date, neither

has filed a response to GAIC's motion or to the magistrate judge's *Roseboro* order.

On December 14, 2022, the magistrate judge issued a 31-page Report, recommending that

the court grant GAIC's motion for summary judgment. (ECF No. 160 at 30).  The magistrate judge

explained, in pertinent part, as follows:

> GAIC has demonstrated that it is entitled to judgment as a matter of law. . .
> .  [T]here is no coverage under the Policy for the claims asserted in the underlying
> state court lawsuits because the claims do not arise out of an occurrence or offense
> arising out of the operations identified on the Policy's certificate [ECF No. 133-1
> at 21-24]. While Lavish Lounge was selling and serving alcoholic drinks on the
> night in question, it was not "bartending"—*i.e.*, providing bartending services in
> the context of the Policy.    Instead, Lavish Lounge was operating a
> bar/tavern/nightclub, none of which fall within the operations for which the Policy
> was issued.  Therefore, there is no coverage under Coverage A or B of the Policy
> for the claims asserted in the underlying state court lawsuits.

*Id*. at 26.  The magistrate judge further concluded that, even if the claims in the underlying state

lawsuits triggered coverage under the Policy, coverage is nevertheless excluded under the Policy's

Assault and Battery Exclusion endorsement:

> [I]t is undisputed that the shooter fired his gun several times after an altercation that
> involved competing gang signs took place in front of the stage at Lavish Lounge .
> . . [A]ll of the claims asserted [in the state lawsuits] by Kotz, Taylor, Young, and
> Goldsmith would not exist in the absence of an assault and/or battery, and the direct
> causal link between the altercation, shooting, and injuries, cannot be ignored.
> According, [any] coverage is excluded for all of the claims under the Policy's
> Assault and Battery Exclusion.

*Id*. at 29.  Accordingly, the magistrate judge concluded that "GAIC is entitled to a declaration that

it does not have a duty to defend or indemnify Lavish Lounge, Quiroga, Campbell, or anyone else

claiming coverage under the Policy for the claims asserted in the underlying state court lawsuits" and recommended the court grant GAIC's motion for summary judgment. *Id*. at 30.

The Report was mailed to Young and Goldsmith at the addresses provided to the court, (ECF No. 161) and has not been returned as undeliverable. Therefore, Young and Goldsmith are presumed to have received the Report. The magistrate judge advised all Defendants of the right to file objections to the Report. (ECF No. 160 at 31). However, none of the Defendants have filed objections to the Report and the time to do so has run. This matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

The court has carefully reviewed the very thorough Report and the record under the appropriate standards. The court finds no clear error in the findings and conclusions of the

magistrate judge and, therefore, **ADOPTS** the Report in its entirety (ECF No. 160), and incorporates it herein. Accordingly, GAIC's motion for summary judgment (ECF No. 133) is hereby **GRANTED**.

      **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 9, 2023
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.